UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN BARNES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF OAKLAND POLICE DEPARTMENT, et al., <br><br> Defendants. | Case No. 4:26-cv-05307-KAW <br><br> **ORDER DENYING MOTION TO PROCEED UNDER PSEUDONYM** <br><br> Re: Dkt. No. 3 |

On June 2, 2026, Plaintiffs Julian Barnes Sr. and Alicia Taylor filed a motion to proceed under pseudonym. (Mot., Dkt. No. 3.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Plaintiffs' motion to proceed anonymously.

### I.    LEGAL STANDARD

Generally, "[p]laintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings… and [Federal Rule of Civil Procedure] 10(a)'s command that the title of every complaint 'include the names of all the parties.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598–99, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir.1990); quoting Fed. R. Civ. P. 10(a)).  Even so, "many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII,* 214 F.3d at 1067.  In this circuit, parties may use a pseudonym in the "unusual case" when "nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.*

at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981)).

A party may proceed by pseudonym when their "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity*." Does I thru XXIII*, 214 F.3d at 1068. When pseudonyms are used to shield the anonymous party from retaliation, "the district court should evaluate the following factors: (1) the severity of the threatened harm…; (2) the reasonableness of the anonymous party's fears…; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (internal citations omitted.)

## II.    DISCUSSION

On June 2, 2026, Plaintiffs filed a lawsuit against the City of Oakland and several individuals pertaining to the June 10, 2024 death of their son, Julian James Ray Barnes Jr., and his friend, Jahouri McCullough. (Compl., Dkt. No. 1; Mot. at 2.) The individual defendants include Oakland Police Department personnel, as well as several individuals who were present at the time the decedents were shot and are each alleged to be "a person of interest." (Compl. ¶¶ 6-19.)

On June 2, 2026, Plaintiffs filed a motion to proceed under pseudonym. (Mot., Dkt. No. 3.) Therein, they requested that they be permitted to proceed anonymously due to the "violent nature of the circumstances leading to this lawsuit." (Mot. at 2.) They contend that, to date, no one has been charged with the murders, and that their lives could be in danger if the suspects in the double homicide become privy to their identities. *Id.*

While the Court understands that Plaintiffs fear for their personal safety, this does not give rise to the special circumstances in which courts permit plaintiffs to proceed anonymously. *See Does I thru XXIII*, 214 F.3d at 1068 (collecting cases addressing were proceeding anonymous was appropriate). Moreover, even if Plaintiffs were permitted to proceed by pseudonym, the individuals that they appear to fear are named defendants, who will be privy to their identities. Since Plaintiffs do not appear to fear the public at large, proceeding anonymously will not prevent any risk of harm from those defendants.

## III.    CONCLUSION

Accordingly, Plaintiffs' motion to proceed anonymously is DENIED. Plaintiffs are ordered to file an unredacted version of the complaint by July 21, 2026. Alternatively, Plaintiffs are

United States District Court
Northern District of California

2

granted permission to file a first amended complaint that clearly identifies which causes of action are alleged against which defendants, and to explain how the facts alleged pertain to the elements of each claim.  An amended complaint must also be filed by July 21, 2026.

If Plaintiffs decide to amend the complaint, they are encouraged to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982.  Plaintiffs may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case.  This manual, and other free information for pro se litigants, is available online at: *https://cand.uscourts.gov/pro-se-litigants/.*

IT IS SO ORDERED.

Dated: June 22, 2026

KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California